Norman A. JOHNSON, Petitioner,

v.

**DEPARTMENT OF INTERIOR,**
Respondent.

No. 01–3023.

United States Court of Appeals,
Federal Circuit.

DECIDED: March 9, 2001.

Rehearing Denied April 5, 2001.

Before SCHALL, GAJARSA, and LINN, Circuit Judges.

### DECISION

PER CURIAM.

Norman Johnson seeks review of a final decision of the Merit Systems Protection Board affirming his removal and rejecting his claim for restoration rights. *See Johnson v. Dep't of Interior,* 87 M.S.P.R. 530, No. NY–0752–96–0501–M–2 (M.S.P.B. Mar. 5, 2000). Because we find no error in the board's determination that Johnson failed to raise a nonfrivolous allegation of an unreasonable restoration, we *affirm.*

### DISCUSSION

This court must affirm a board decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsup-

ported by substantial evidence." 5 U.S.C. § 7703(c)(1)-(3) (1994); *Hayes v. Dep't of Navy,* 727 F.2d 1535, 1537 (Fed.Cir.1984). The burden of establishing reversible error in a board decision rests upon the petitioner. *Harris v. Dep't of Veterans Affairs,* 142 F.3d 1463, 1467 (Fed.Cir. 1998).

Johnson challenged his removal by filing a restoration rights claim, arguing that he was not properly restored by the Department of the Interior ("agency") following his partial recovery from a compensable injury. The administrative judge found that Johnson had in fact been restored to his job by the agency. In such a case, as the administrative judge explained, the board has determined that a petitioner must make a nonfrivolous allegation that his restoration was so unreasonable as to amount to a denial of restoration. *Miller v. United States Postal Serv.,* 82 M.S.P.R. 170, 173 (1999). The administrative judge determined that Johnson did not make the required nonfrivolous showing. *Id.* at 4–5.

The record does not indicate what the agency may have done or failed to do to accommodate Johnson and why such action was so unreasonable as to amount to a denial of restoration. Johnson had the burden to allege and support these facts and has failed to meet that burden. What the record does reveal is that the agency gave Johnson his job back; said it would accommodate him; and, when it decided that it could not accommodate him, tried to get him another job. Thus, substantial evidence supports the determination that Johnson had been restored. Further, we find no error in the determination that Johnson did not make a nonfrivolous allegation that his restoration was unreasonable.